UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE SOLOVAY PRACTICE, <br><br> Plaintiff, <br><br> -against- <br><br> GLOBAL ORGANIZATION OF PEOPLE OF INDIAN ORIGIN (GOPIO), INC., THOMAS ABRAHAM, SUNNY KULATHAKAL, NOEL LAL, RAM GADHAVI, RAJEEV MEHTA, ISAAC JOHN, SUMAN KAPOOR, SHAJI BABY JOHN, JEEVAN ZUTSHI, LAL MOTWANI, JAY BHANDARI, SAI GIRIDHAR, JAGDISH LODHIA and JASWANT MODY, <br><br> Defendants. | 16-cv-_____ <br><br><br> **COMPLAINT** |

Plaintiff, The Solovay Practice, appearing *pro se* through its founding partner, Norman Solovay, for its complaint against the GLOBAL ORGANIZATION OF PEOPLE OF INDIAN ORIGIN (GOPIO), INC. (hereinafter "GOPIO") and its above named wrong-doing members as well as others whom it may be necessary to name as more of the facts are uncovered, alleges as follows:

I.      **The Nature of the Claim**

1.      Plaintiff brings this action pursuant to, among other statutes, 28 U.S.C. 1332, to collect both legal fees reflected in the attached still unpaid $17,973.86 invoice (Exhibit A) due to Plaintiff under retainer agreements dated August 5, 2014 and November 12, 2014 (copies of which are annexed as Exhibits B and C) as well as damages for defamatory misconduct most of which is already the subject of a pending complaint (a copy of which is annexed as Exhibit D) (hereinafter the "Related Complaint") submitted on behalf of Ashook Ramsaran ("Ramsaran"), the prior duly elected President of GOPIO, after the expiration of his second term. The Related Complaint is

now assigned to and pending before Judge Paul Oetken and it is respectfully submitted that the present complaint, which has common issues of fact and law, should be joined with it.

**II.    Parties**

2.      Norman Solovay, the founding partner of THE SOLOVAY PRACTICE (the "Plaintiff") with offices at 260 Madison Avenue, 15th Floor, New York, New York 10016, is an attorney duly admitted to practice law in New York.

3.      Defendant GLOBAL ORGANIZATION OF PEOPLE OF INDIAN ORIGIN (GOPIO), INC. ("GOPIO") is a not-for-profit corporation organized under the laws of the State of Connecticut with an office at c/o Thomas Abraham, 100 Briar Brae Road, Stamford, Connecticut 06903. GOPIO does a substantial amount of its business and conducts many of its activities in New York where it also has a significant membership consisting of a sizeable number of persons of Indian origin.

4.      Defendant THOMAS ABRAHAM ("Abraham"), the principal defendant herein, caused himself to be named Chairman of GOPIO for the third time on or about June 25, 2016 and, on information and belief, was responsible for choosing the remainder of the officers and executives for the positions listed below.

5.      Although the principal official residence of defendant SUNNY KULATHAKAL ("Kulathakal") is #356, 3rd Cross, IInd Main, Double Road, Indiranagar, Bangalore 560025, India, he had regularly spent at least an equal amount of time in the United States at his son's residence in Chicago. On information and belief, after being restored by Abraham in 2016 to his membership in GOPIO from which he was discharged for misconduct in 2014, Kulathakal has spent more than an equal amount of time in the United States after being made a GOPIO Advisory Board Member by Abraham on or about June 25, 2016.

6. Defendant NOEL LAL ("Lal") was named Executive Vice President of GOPIO on or about March 2, 2016.

7. Defendant RAM GADHAVI ("Gadhavi") was named Vice President of GOPIO on or about March 2, 2016.

8. Defendant RAJEEV MEHTA ("Mehta") was named/elected International Coordinator, North America of GOPIO on or about June 25, 2016.

9. Defendant ISAAC JOHN ("John") was named International Coordinator, Middle East of GOPIO on or about March 25, 2016.

10. Defendant SUMAN KAPOOR ("Kapoor") was named International Coordinator, Oceania of GOPIO on or about March 2, 2016.

11. Defendant SHAJI BABY JOHN ("Baby John") was named International Coordinator, South Asia of GOPIO on or about March 25, 2016.

12. Defendant JEEVAN ZUTSHI ("Zutshi") was named National Coordinator, USA of GOPIO on or about March 25, 2016.

13. Defendant LAL MOTWANI ("Motwani") was named Area Coordinator, New York Tri-State Area New York of GOPIO on or about March 25, 2016.

14. Defendant JAY BHANDARI ("Bhandari") was named Coordinator, Washington DC Capital Region of GOPIO on or about March 25, 2016.

15. Defendant SAI GIRIDHAR ("Giridhar") was named/elected Secretary of GOPIO on or about March 25, 2016.

16. Defendant JAGDISH LODHIA ("Lodhia") was named/elected Associate Secretary of GOPIO on or about March 25, 2016.

17.  Defendant JASWANT MODY ("Mody") was named Associate Secretary of GOPIO on or about March 25, 2016.

### III.  Jurisdiction and Venue

18.  This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

19.  This Court has jurisdiction over this dispute pursuant to 28 U.S.C. 1332 (diversity jurisdiction) as Ramsaran and Defendants are citizens of different states and the amount in controversy exceeds seventy-five thousand ($75,000), exclusive of interest and costs.

20.  This action arose, and defamatory statements were made, within the Southern District of New York.

21.  Venue is proper in this Court as the cause of action arose within the jurisdiction of this Court.

22.  Plaintiff performed most of the services for which it seeks recovery herein operating out of its New York City office at 260 Madison Avenue, New York, New York.

23.  Defendant GOPIO, a corporation duly authorized to do business in New York, performed many of the matters relevant to this Complaint through its then principal office in New York State c/o its then President, Ramsaran, at P.O. Box 560117, College Point, New York 11356 and continues through the present date to do much of its business in New York.

24.  Abraham, the primary individual defendant, performed many if not most of the acts complained of herein and in the Related Complaint in New York.

25.  Kulathakal, a second principal individual defendant, on information and belief, has continued to conduct unlawful activities which are the subject of this complaint and the Related Complaint.

26.     The remaining defendants, primarily current officers of GOPIO, are named as defendants herein by virtue of conspiring with Abraham and Kulathakal to defame and unlawfully attempt to replace Ramsaran as GOPIO's duly elected President and therefore to make illegal demands of Plaintiff.

## IV.     The Related Case Pending before Judge Oetken

27.     It is hardly a coincidence that the present complaint incorporates many of the allegations of the Related Complaint as to defamation as well as to some essentially criminal misconduct on the part of at least some of the Defendants. Relevant portions of the Related Complaint are understandably therefore specifically incorporated herein by reference under the appropriate separately stated causes of action below.

## V.     Legal Services Rendered by Plaintiff

28.     Plaintiff was originally retained by GOPIO to defend it as well as its then Chairman, Inder Singh ("Singh"), its President, Ramsaran, and other GOPIO officers (hereinafter jointly "GOPIO's Duly Elected Officers") against threats made by José P. Verghese, Esq. in "Legal Notices For Immediate Compliance" dated August 1, 2014 and October 28, 2014 initially on behalf of seven (7) dissident members. (Copies annexed as Exhibits E and F are jointly referred to as the "Demand Letters.") The Demand Letters were initially part of a scheme to set aside the re-election of President Ramsaran and replace him with his unsuccessful election opponent, Kulathakal, who was and is still promoted by Abraham and by various other of the named Defendants.

29.     Following the circulation of the Demand Letters a number of corrupt and fraudulent litigations were subsequently instituted as threatened by Kulathakal and the Defendants seeking to set aside the election, oust Ramsaran and replace him with Kulathakal. A list of those unsuccessful attempts to set aside Ramsaran's re-election, hereinafter referred to as the Defendants' "Fraudulent

Indian Litigations," is annexed as Exhibit G.  As indicated by subsequent events these attempts, on information and belief, had been encouraged and probably financed by Abraham.

30.  Although the Defendants' efforts to undo Ramsaran's second election and replace him with Kulathakal included gross misconduct, some of which was both libelous and criminal, Chairman Singh made strenuous efforts to resolve matters amicably.  Thereafter, however, he felt compelled to send all GOPIO members a communication (a copy of which is annexed as Exhibit H) which concluded:

> "After our strenuous efforts to make peace with these dissidents proved unsuccessful we were left with no choice but to expel them.  This has now been done in strict accordance with GOPIO's required procedures."

31.  It is noteworthy that the last of these Fraudulent Indian Litigations was dismissed on June 2, 2016 by the various Indian courts involved.  What is clear is that the retaliatory steps taken against Plaintiff demanding, among other things, the return of duly earned fees were intended to punish it for having successfully performed the services for which it was retained.  Less clear, however, is just how, following the expiration of Ramsaran's term as President, Abraham was able to persuade former GOPIO Chairman Singh and a number of other GOPIO members (former and reinstated) to join his cabal and to approve reinstating and installing Kulathakal and other expelled Defendants into high positions in GOPIO.  While the full explanation for this may have to await discovery, Plaintiff believes it will ultimately demonstrate Abraham's use of a combination of bribery and threats.

VI.  **The Vicious and Libelous Attacks on Plaintiff's Services**

32.  What is already clear is that Plaintiff's entitlement to collect damages now being sought in this complaint is hardly limited to its outstanding $17,973.86 invoice.  It is worth noting in this regard that in at least one of the dismissed Indian actions Kulathakal had falsely represented himself to be GOPIO's acting President and had caused Ramsaran to be charged there and in

6

newspaper articles with embezzlement and with falsely pretending to be GOPIO's President. Accordingly, among the legal services rendered by Plaintiff was the need to get articles like that withdrawn and retracted. (Annexed as Exhibit I is a copy of an illustrative retraction of one such article obtained by Plaintiff for which it is entitled to compensation, and there are others.)

33. However, Abraham and the Defendants have now not only refused to pay the outstanding $17,973.86 invoice but have absurdly demanded the return by Plaintiff of all the legal fees paid over several years, including funds advanced by Plaintiff to the Indian lawyers who successfully contested the multiple fraudulent Indian litigations commenced by the Defendants. Letters of such demands by Abraham (dated August 21, 2015), GOPIO current president Niraj Baxi (dated June 19, 2016) and most recently GOPIO's current executive vice president Noel Lal (dated September 17, 2016) are annexed as Exhibit J. They and other related communications have been made available and conveyed the message to many if not all GOPIO members that Abraham and the other Defendants view the legal services rendered by Plaintiff (and the Indian law firm, D.K. Agarwal & Co.) as totally worthless.

34. Abraham and the remaining Defendants have by the foregoing applied their course of defamatory misconduct, now the subject of the pending Related Action by former President Ramsaran, to Plaintiff. It is clear therefore as set forth below, that the charges of libel and slander in the Related Complaint also apply to Plaintiff's claims and likewise entitle Plaintiff to damages for libel and slander, as well as other costs including interest, sanctions and attorneys' fees.

## VII. Abraham's Unlawful Re-Seizure of Control over GOPIO

35. After the expiration of Ramsaran's second term of office on March 2, 2016, it became clear that Abraham, one of GOPIO's initial founders, had been (and is) Kulathakal's most important backer. Abraham had been seeking through Kulathakal to recover his long ago lost total control of GOPIO. However, Singh's expulsion of the Defendants with the assistance of GOPIO's

Duly Elected Officers and GOPIO's lawyers (the Plaintiff and its Indian lawyers, D.K. Agarwal & Co.) clearly had the approval of GOPIO's membership. As a result, Abraham pretended to approve of the expulsions until after the March 2, 2016 expiration of Ramsaran's second term of office.

36. However, after the end of Ramsaran's second term, Abraham showed his true colors by seizing control of GOPIO's Chairmanship for a third term and bringing Kulathakal and the Defendants back into GOPIO (as reflected in his announcement e-mail of June 27, 2016 and an e-mailed newsletter of August 22, 2016 (copies of which are annexed as Exhibit K). Abraham's assumption of the Chairmanship was patently inappropriate for various reasons including that more than two terms as Chair were and are forbidden by GOPIO by-laws and that, as outgoing President, Ramsaran would routinely have been accorded that position as a matter of GOPIO practice and tradition. However, this was hardly Abraham's first flouting of GOPIO's rules.

37. Abraham's management (better described as "mismanagement") had severely limited and stifled GOPIO's growth and expansion when, in violation of its by-law requirement that its President serve only 2 terms of 2 years each, Abraham had clung to the office as President for 15 years. It is hardly coincidental that when Abraham finally relinquished the Presidency in 2004, GOPIO underwent a huge and profitable expansion. Although that expansion continued quite dramatically under Ramsaran, his and Singh's failure to kowtow to Abraham infuriated him as indicated both by Abraham's vigorous support of Kulathakal's unsuccessful attempts first to defeat and then to unseat Ramsaran in his 2014 re-election as well as by Abraham's gross misconduct, including his present attack on GOPIO's prior counsel after the expiration of Ramsaran's second term.

### First Cause of Action:
### Legal Fees Against GOPIO

38. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 33 as if fully set forth herein at length.

39. The legal services rendered by Plaintiff pursuant to and reflected in its still outstanding $17,973.86 invoice (Exhibit A, *supra*) are described in detail in Ramsaran's Related Complaint (Exhibit D, *supra*, at ¶¶ 14-18 and 23-28) whose contents are incorporated herein by reference.

40. Those legal services were performed pursuant to Plaintiff's retainer agreements (Exhibits B and C *supra*) at the direction of GOPIO's then Chair, Singh and President, Ramsaran, initially in response to the Demand Letters and thereafter in response to the fraudulent misconduct of the Dissidents both in the Indian Courts and elsewhere.

41. Plaintiff is accordingly entitled to an award of damages against GOPIO on the First Cause of Action in the still unpaid sum of $17,973.86 on its outstanding invoice plus interest and costs.

### Second Cause of Action:
### Legal Fees Against the Defendants

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

43. The Defendants have all supported GOPIO's present unlawful refusal to pay the outstanding balance of $17,973.86 still owed to Plaintiff on its unpaid invoice as well as GOPIO's outlandish demands for the return of fees paid over the past years.

44. As a result, Plaintiff is entitled to a judgment against each and every one of the Defendants on the Second Cause of Action in the amount of the still unpaid balance of fees due it of $17,973.86 plus interest and costs.

### Third Cause of Action:
### Libel *Per Se* Against GOPIO

45. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

46. As indicated, *supra*, the Related Complaint (Exhibit D) has correctly charged GOPIO with *per se* libels and slanders against Ramsaran that also apply directly to Plaintiff.

47. Those defamatory allegations described in detail at ¶¶ 25-99 of the Related Complaint are incorporated herein by reference and entitle Plaintiff to damages against GOPIO for libel and slander, and other costs including interest, sanctions and reasonable attorneys' fees in an amount to be fixed by the Court, but presently estimated to be in excess of $1,000,000.

### Fourth Cause of Action:
### Libel *Per Se* Against All the Defendants Personally

48. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

49. The defamatory allegations described in detail at ¶¶ 25-99 of the Related Complaint are incorporated herein by reference. Although initiated and caused to be circulated by Abraham and Kulathakal they were further published and circulated by and with the connivance of the other Defendants who, together with Abraham and Kulathakal, are also therefore each individually also liable to Plaintiff for damages for libel and slander *per se* plus costs, including interest, sanctions and reasonable attorneys' fees in an amount to be fixed by the Court, but presently estimated to be in excess of $1,000,000.

### Conclusion

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a. On the First Cause of Action, in the sum of $17,973.86, plus interest and costs;

    b. On the Second Cause of Action, in the sum of $17,973.86, plus interest and costs;

   c. On the Third Cause of Action, damages in an amount, as indicated above, to be fixed by the Court, plus interest, sanctions and reasonable attorneys' fees;

   d. On the Fourth Cause of Action, damages in an amount, as indicated above, to be fixed by the Court, plus interest, sanctions and reasonable attorneys' fees.

Dated: New York, New York
       November 23, 2016

                        The Solovay Practice
                        *Pro Se*

                        By: _____
                             Norman Solovay
                             260 Madison Avenue, 15th Floor
                             New York, New York 10016
                             Tel: 646-278-4295
                             E-mail: nsolovay@solovaypractice.com

## Exhibits

Exhibit A: Invoice from The Solovay Practice to GOPIO as of June 17, 2016

Exhibit B: Retainer agreement between GOPIO and The Solovay Practice dated August 5, 2014

Exhibit C: Retainer agreement between GOPIO and The Solovay Practice dated November 12, 2014

Exhibit D: Verified Complaint dated December 31, 2015 from *Ashook Ramsaran -against- Thomas Abraham, Sunny Kulathakal, Ram Gadhavi, APN News, Tehelka News and DNA News*, SDNY, File No. 15-cv-10182 (without exhibits)

Exhibit E: José P. Verghese's Legal Notices For Immediate Compliance dated August 1, 2014

Exhibit F: José P. Verghese's Legal Notices For Immediate Compliance dated October 28, 2014

Exhibit G: "Pending Legal Claims and Summonses – as of February 21, 2016"

Exhibit H: Message from the Chairman of GOPIO (Inder Singh) dated January 20, 2015

Exhibit I: Retraction article ("GOPIO Expels Sunny Kulathakal, Others"), *West Indian*, January 31, 2015

Exhibit J: Demand letter from Thomas Abraham dated August 21, 2015; demand letter from Niraj Baxi dated June 19, 2016; and demand letter from Noel Lal dated September 17, 2016

Exhibit K: Announcement e-mail dated June 27, 2016 and "GOPIO News" e-mail dated August 22, 2016 (pages 1-3 only)